IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------x
                                                :
JOSEPH MATHIRAMPUZHA           :              3:04 CV 841 (JBA)
                                                :
V.                                              :
                                                :
JOHN POTTER, POSTMASTER      :              DATE: NOVEMBER 16, 2005
GENERAL, U.S.P.S.                   :
-------------------------------------------------x

<u>RULING ON PENDING DISCOVERY MOTIONS</u>

_____On May 20, 2004, plaintiff first commenced this action, stemming from his employment

as a postal worker since 1997; he alleges that he was subjected to harassment and retaliation

due to his ethnicity and a hostile work environment.  The Amended Complaint, filed October

15, 2004 (Dkt. #17), alleges violation of Title VII, 42 U.S.C.  § 2000e (Count One), and violation

of the Connecticut Fair Employment Practices Act, CONN. GEN. STAT. § 46a-60(1), (4) & (8)

(Count Two).[1]  On September 16, 2005, defendant filed his Answer and Affirmative Defenses

(Dkt. #48).

On June 10, 2005, U.S. District Judge Janet Bond Arterton referred this file to this

Magistrate Judge for settlement  (Dkt. #30; <u>see also</u> Dkt. #40) and on September 9 and 30,

2005 for discovery.  (Dkts. ##42 & 50).  Under the latest scheduling orders, all discovery was

to be completed by September 14, 2005 (Dkt. #37), and all dispositive motions were to be filed

by October 25, 2005 (Dkt. #61).

There are five pending discovery motions, all of which were unnecessary and could

have been avoided had counsel been able to engage in meaningful discussions with one

_____

[1]Defendants filed a Partial Motion to Dismiss and to Strike (Dkt. #20), which was granted by
U.S. District Judge Arterton on June 7, 2005 (Dkt. #28).

another.  First, on August 25, 2005, plaintiff filed a Motion to Quash Subpoenas (Dkt. #41).[2]

On September 15, 2005, defendant filed his brief in opposition (Dkts. ##46-47).[3]

Second, on September 13, 2005, plaintiff filed his Motion for In Camera Review (Dkt.

#45),[4] as to which defendant filed a brief in opposition sixteen days later (Dkt. #49).[5]

Third, on September 14, 2005, defendant filed a Motion for Order to Show Cause  (Dkt.

#43).[6]  On October 6, 2005, plaintiff filed his brief in opposition (Dkt. #52).[7]

Fourth, on September 14, 2005, defendant also filed a Motion for Order to Show Cause

---

[2]The following two exhibits were attached: copy of defendant's subpoena, dated August 16, 2005, to Grace Abraham (Exh. A); and copy of defendant's subpoena, also dated August 16, 2005, to Gary Welskopp (Exh. B).

Plaintiff failed to file a brief in support of this motion, as required by Local Civil Rule 37(a)3.

[3]The brief was docketed twice.  The following three exhibits were attached: another copy of the Abraham subpoena, copy of a letter, dated August 16, 2005, from defense counsel to Abraham, and copy of service upon Abraham (Exh. A); another copy of the Welskopp subpoena and copy of service upon Welskopp (Exh. B); and excerpts from the deposition of Grace Abraham, taken on July 7, 2005 (Exh. C).

[4]Attached as Exh. A was a copy of Re-Notice of Deposition, dated August 25, 2005.

Again, plaintiff failed to file a brief in support of this motion, as required by Local Civil Rule 37(a)3.

[5]Attached was a copy of correspondence between counsel, dated September 15, 2005.

[6]Attached as Exh. A was another copy of Abraham subpoena, letter to Abraham and service upon Abraham.

Defendant also failed to file a brief in support of this motion, as required by Local Civil Rule 37(a)3.

[7]The following two exhibits were attached: excerpts from the deposition of Gary Welskopp, taken on August 1, 2005 (Exh. 1); and additional excerpts from the Grace deposition (Exh. 2).

(Dkt. #44).[8]  On October 6, 2005, plaintiff filed his brief in opposition (Dkt. #52).[9]

And last, on October 6, 2005, plaintiff filed his Motion for Protective Order (Dkt. #53).[10]
On October 27, 2005 defendant filed his brief in opposition (Dkt. #60).

## I.  DISCUSSION

These five motions concern the same three subjects – subpoenas served on plaintiff's
wife, Grace Abraham, on his co-worker, Gary Welskopp, and on Claudio Siracco.

On July 7, 2005, Abraham was deposed, at which she testified that she maintains a
journal for "personal things" but not for "work[-]related" matters, including those of her
husband, that she has no documents related to her husband's employment, and that she has
not discussed his employment issues with anyone other than plaintiff.  (Dkts. ##46-47, Exh. C,
at 22-23, 24-28, 29-30; Dkt. #52, Exh. 2, at 22-23).  On August 16, 2005, defendant served a
subpoena upon Abraham, requesting all documents pertaining to plaintiff's employment with
the USPS from January 1, 1999 through the present (including any issues with Ron Sacco or
any other supervisor or employee at the USPS), plaintiff's mental, emotional or physical health
from September 29, 1998 through the present, and plaintiff's desire to transfer to a USPS
facility in Hartford.  (Dkt. #41, Exh. A; Dkts. ##46-47, Exh. A; Dkt. #43, Exh. A).  Defense
counsel is correct that under well-established Second Circuit law, "[i]n the absence of a claim
of privilege a party usually does not have standing to object to a subpoena directed to a non-

---

[8]Attached was another copy of the Welskopp subpoena and copy of service upon
Welskopp.

Defendant also failed to file a brief in support of this motion, as required by Local Civil Rule
37(a)3.

[9]See note 8 supra.

[10]Plaintiff also failed to file a brief in support of this motion, as required by Local Civil Rule
37(a)3.

party witness." Langford v. Chrysler Motor Corp., 513 F.2d 1121, 1126 (2d Cir. 1975). However, as plaintiff's spouse, Abraham shares a marital privilege with plaintiff. As suggested by defense counsel (Dkts. ##46-47, at 5, n.2), the most appropriate manner in which to proceed is to require an in camera review of those portions of Abraham's diary or journal, if any, which contain information regarding plaintiff's employment from January 1, 1999 through the present, plaintiff's mental, emotional or physical health from September 29, 1998 to the present, and plaintiff's desire to transfer to a USPS facility in Hartford. Such review will respect Abraham's legitimate privacy interests, while ensuring that relevant information, if any, is made available for review by defense counsel. Plaintiff shall provide either the original or a copy of these entries to the Magistrate Judge's Chambers, for her in camera review, **on or before November 28, 2005**.

On August 1, 2005, Welskopp was deposed regarding the incident he witnessed between plaintiff and Sacco on September 29, 2003; at his deposition, Welskopp testified that he retained at home the original of a statement he prepared after this incident, and brought a copy to plaintiff and gave a copy to defense counsel. (Dkts. ##46-47, Exh. D, at 20-21; Dkt. #52, at 2 & n.2, & Exh. 1, at 11-12, 20-21). On August 16, 2005, defendant served a subpoena on Welskopp, requesting the original and all copies of any documents relating to the September 29, 2003 incident. (Dkt. #41, Exh. A; Dkts. ##46-47, Exh. B; Dkt. #44, Exh. A). Defendant wants to inspect the original for authenticity. (Dkts. ##46-47, at 6). There is no reason to resolve the issue of standing, because there is a simple way to resolve this silly dispute – **on or before November 28, 2005**, Welskopp shall provide the original statement to plaintiff's counsel, and plaintiff's counsel shall provide this original and the copy of this statement in his possession to the Magistrate Judge's Chambers for an in camera review to ensure that the text of both copies are identical; thereafter, the original will be promptly

returned to Welskopp.

On September 1, 2005, Siracco was deposed, at which he apparently testified that he had not looked for any documents reflecting upon any incidents or disputes between Siracco and Sacco, despite the Requests for Production in the Re-Notice of Deposition.  (Dkt. #45, at 1 & Exh. A).  In his brief in opposition, defense counsel represents that she "has personally reviewed the documents in the deponent's possession and has confirmed there are no documents responsive to [p]laintiff's Request." (Dkt. #49, at 1-2 & Exh.).  Thus, there is nothing to review.

## II. CONCLUSION

For the reasons stated above, plaintiff's Motion to Quash Subpoenas (Dkt. #41) and plaintiff's Motion for Protective Order (Dkt. #53) are granted in part and denied in part to the extent that an *in camera* review is ordered; defendant's Motions for Order to Show Cause (Dkts. ##43-44) are denied to the extent that an *in camera* review is ordered; and plaintiff's Motion for In Camera Review (Dkt. #45) is denied.[11]

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.[12]

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same);**  FED. R. CIV. P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v.

---

[11]These were all simple discovery disputes for which there were easily apparent resolutions, not meriting a half inch of filings.

[12]If either counsel believes that a continued settlement conference before this Magistrate Judge would be productive, he or she should contact Chambers accordingly.

<u>Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 16th day of November, 2005.

_____/s/_____
Joan Glazer Margolis
United States Magistrate Judge

6